Johnston, Ch.
delivered the opinion of the court.
The court is satisfied that the objection to the deed, on account of the schedule of property being inserted in pencil, is not well taken. All that is required, is that it be in writing; and this is complied with, though the writing be in pencil, and not in ink. (See Story, prom. notes, 14; 5 Barn. and Cresw. 213.) Then, as to the registration. The proof is *349 beyond doubt, that it was made within three months from the execution of the deed. Young, an attesting witness, says it was executed <! the last day oí November, or the first of December,” “ a few days before the marriage.” This is supported by Neil, who says that the marriage took place about the 3d or 4th of December, and that the deed was executed but a few days, (certainly not a week) before; and that after it was registered in the office of Mesne Conveyances, he is sure he took it to the Secretary’s office, for registration the^e, within three months from its execution, having been advised that it must be recorded there within that time. The operation of the deed is from the time of its delivery, and not from the date of the instrument. The date is no part of the deed; and, according to our own case of Barmore vs. Jay, ( ) proof may be made that the execution took place on a day different from the date inserted in the deed. The proof here is very satisfactory, as to the true time of the execution. And, indeed, upon inspecting the deed, the whole matter is explained. The deed and probate were drawn out “ the of November.” Before it was executed, the blank was filled up in pencil with the figures “ 30.” But upon the instrument being handed to Mr. Elliott, the register of Mesne Conveyances, for recording, (which, according to his memorandum on the deed, was on the 3d of December,) he filled up the blank with “ 3d” instead of ■“ 30th,” which has occasioned the whole difficulty. The Act requires the registration to be made within three months of the delivery of the deed, and has been fully complied with in this case. It is ordered and decreed, that the decree appealed from be reversed, and that the defendants be perpetually enjoined from enforcing their claims against the property mentioned in the deed; which is hereby adjudged to have been duly executed and regularly recorded ; and that the defendant, Chambers, pay the costs of suit.
Harper, Ch. Dunkin, Ch. and Caldwell, Ch. concurred.

Decree reversed.